UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARAMYS CAMACHO,

                          Plaintiff**,**

                – against –

CITY OF NEW YORK and POLICE OFFICERS JOSE GENAO, SHIELD #10256, and CARLOS NIEVES, SHIELD #18144, EACH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,

                          Defendants.

Civ. Action No.:
13- CV-8564 (ER) (AJP)

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff Aramys Camacho, by his attorneys, Galluzzo and Johnson LLP, for his Complaint against Defendants City of New York and Police Officers Jose Genao, Shield #10256 ("Genao"), and Carlos Nieves, Shield #18144 ("Nieves"), employed by the New York City Police Department, upon personal knowledge and upon information and belief, alleges as follows:

## NATURE OF THE ACTION

      1.     This is an action against the aforementioned police officers, and their employer, the City of New York, for personal injuries and loss of wages among other things, arising out of their assault, battery, false arrest, false imprisonment of him, and their violation of Plaintiff's civil rights.

## PARTIES

      2.     Plaintiff Aramys Camacho is a natural person who resides in Bronx County, New York.

      3.     Defendant City of New York is, and was at the time of the incident giving rise to this action, a municipal corporation duly organized under, and existing by virtue of, the laws of the State of New York. At all times relevant to the action, Defendant City of New York

employed the remaining Defendant Police Officers in connection with its control, operation, and maintenance of the New York City Police Department.

4. At all relevant times, herein, Defendant Police Officers Genao and Nieves were police officers employed by the New York City Police Department and were acting in the capacity of agents, servants, and employees of the City of New York.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367.

7. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

8. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b)(1), b(2) and (c) as a substantial part of the events or omissions giving rise to the claim occurred in the County of New York which is located in the Southern District of New York and in that New York City resides for venue purposes within the Southern District of New York.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with General Municipal Law ("GML") § 50 and all procedural requirements necessary to commence a lawsuit against Defendants, including Defendant City of New York.

10. This is an action for psychological injuries and violation of Plaintiff's Constitutional rights, sustained by Plaintiff arising out of actions perpetrated by Defendants on April 12, 2013.

11. On or about June 10, 2013, within ninety days after the accrual of the instant action, a satisfactory Notice of Claim was filed with Defendant City of New York on behalf of Plaintiff.

12. On October 10, 2013, Plaintiff testified at a hearing pursuant to GML § 50(h) at the request of Defendant City of New York.

13. Defendant City of New York has refused or neglected to make any adjustment or payment on Plaintiff's claims.

14. Plaintiff hereby commences this action within one year and ninety days of the date of accrual of the instant action.

**FACTUAL ALLEGATIONS**

15. On April 12, 2013, at approximately 3:00 AM, Plaintiff was helping his friend Christopher Tejada move some boxes containing Tejada's personal belongings into Tejada's grandmother's residence at 531 West 163rd Street.

16. 531 West 163rd Street is an apartment building and Tejada's grandmother lived on the third floor, and Christopher Tejada had a family key to the building.

17. Shortly after Plaintiff, Tejada, and two other friends arrived at the building, Tejada went upstairs to speak to his grandmother before they began moving the boxes into the apartment.

18. Plaintiff waited downstairs in the lobby with two other friends.

19. Out of nowhere, Genao and Nieves approached Plaintiff and said, "You with the gray hat. Put your hands up."

20. Plaintiff was wearing a gray hat, so he took it to mean that they wanted him to put his hands up, and he did.

21. Genao and Nieves then searched Plaintiff and took his pocket knife.

22. At no time was Plaintiff ever charged with possessing an illegal knife. The knife was a small folding knife with a two-inch blade.

23. After waiting in the lobby for five minutes, one of the Defendant officers said to Plaintiff, "Okay, let's go," meaning that Plaintiff was being arrested.

24. Plaintiff had no idea why he was being arrested as he had not committed any arrestable offense.

25. Genao and Nieves then placed Plaintiff in a police vehicle and forced him to the 33rd Police Precinct where he remained in a jail cell for approximately 15 hours.

26. After that jail stay, the police transported to Manhattan Central Booking, where he remained for another one or two hours.

27. Meanwhile, the Manhattan District Attorney's office reviewed the arrest and decided not to charge Plaintiff with any crime.

28. Plaintiff was subsequently released after having been falsely arrested and imprisoned for over 16 hours.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

29. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. By the aforesaid acts, Defendants have violated Plaintiff's rights to the equal protection of laws under the Fourteenth Amendment, among other violations to the United States Constitution, thereby giving rise to a cause of action pursuant to 42 U.S.C. 1983.

31. The actions of Defendant Police Officers Genao and Nieves, and the Defendant City of New York, acting under color of law in falsely imprisoning, detaining, and assaulting Plaintiff, were intentional, malicious, done with a reckless disregard for the natural and probable consequences of their acts, without lawful justification, were designed to and did cause mental, physical and emotional harm and suffering, and deprived the Plaintiff of his Constitutional rights including, but not limited to, his rights under the Fourth and Fourteenth Amendments guaranteeing due process, freedom from unlawful searches and seizures, right to fair trial and equal protection under the law, and Title 42 U.S.C. 1983, et seq.

32. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers Genao and Nieves, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York, and while acting under the color of state law.

33. The actions taken by Defendant Police Officers Genao and Nieves – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## FALSE ARREST

34. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 33, inclusive, as though fully set forth herein.

35. On April 12, 2013, Defendant Police Officers Genao and Nieves intentionally arrested and confined Plaintiff without probable cause and without his consent.

36. Defendant Police Officers Genao and Nieves caused injuries to Plaintiff, including psychological injuries.

37. Defendant Police Officers Genao and Nieves took the aforementioned actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

38. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers Genao and Nieves, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

39. The aforementioned actions taken by Defendant Police Officers Genao and Nieves – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### FALSE IMPRISONMENT

40. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 39, inclusive, as though fully set forth herein.

41. On April 12, 2013, Defendant Police Officers Genao and Nieves intentionally caused Plaintiff to be imprisoned and confined at jails and detention centers operated and controlled by Defendant City of New York.

42. Defendant Police Officers Genao and Nieves did not have probable cause or other justification to imprison and confine Plaintiff.

43. Plaintiff did not consent to the aforementioned imprisonment and confinement.

44. As a result of the imprisonment, Defendant Police Officers Genao and Nieves caused injuries to Plaintiff.

45. Defendant Police Officers Genao and Nieves took the aforementioned actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

46. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers Genao and Nieves, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

47. The aforementioned actions taken by Defendant Police Officers Genao and Nieves – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## BATTERY

48. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 47, inclusive, as though fully set forth herein.

49. On April 12, 2013, Defendant Police Officers Genao and Nieves, through their actions, intentionally initiated wrongful physical contact with Plaintiff without his consent.

50. Defendant Police Officers Genao and Nieves handcuffed and restrained Plaintiff without legal justification.

51. Defendant Police Officers Genao and Nieves took these actions against Plaintiff during the course, and within the scope, of her employment with Defendant City of New York.

52. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers Genao and Nieves, taken against Plaintiff within the scope of employment with Defendant City of New York under the doctrine of *respondeat superior*.

53. The Actions taken by Defendant Police Officers Genao and Nieves – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendants, jointly and severally, for damages for the following relief:

a. compensatory damages against Defendant's, jointly and severally, in an amount to be determined at trial, with pre- and post-judgment interest;

b. attorneys' fees and the costs of the instant action, including all costs incurred herein;

c. punitive damages;

d. such other and further relief as the Court deems proper and fair.

Dated: New York, New York
April 4, 2014

GALLUZZO & JOHNSON LLP

_____
Zachary H. Johnson
*Attorneys for Plaintiff Aramys Camacho*
Galluzzo & Johnson LLLP
48 Wall Street, 11th Floor
New York, New York 10005
Tel: 212.918.4661

8